tries used in interstate or foreign commerce, when operated or repaired by the company." Group 10 includes "longshore work, including the loading or unloading of cargoes or parts of cargoes," but does not contain any provision making it applicable to work outside of the state.

[1] We think that the captain of a lighter may fairly be said to be engaged in its "operation" continuously from the beginning to the end of a round trip, including the loading and unloading of the craft, so long as he works upon it. We may perhaps assume that, as a lighter makes but short trips, a considerable part of the ordinary duties of its captain is to superintend or assist in its loading and unloading. If extra men were employed for this work, their duties might properly come under the term "longshore work," as described in group 10; but we think it would be unreasonable to hold that the captain of such a boat ceased to be employed in its "operation" the moment it began to load or unload.

[2] If the claimant was engaged in operating the lighter when injured, his right of recovery should not be defeated by his failure to show specifically that the vessel was not one of another state or country used in interstate or foreign commerce. As the employer and owner of the boat was a New York corporation, the presumption is that such was the case; and if appellants claimed a defense for the reason that such was not the case, we think it was incumbent upon them to have proved it upon the hearing before the Commission.

The award of the Commission should be confirmed.

Award affirmed. All concur.

---

FRISCIA et al. v. DRAKE BROS. CO. et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1915.)

1. MASTER AND SERVANT ⬤◯250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSATION TO PARENTS.

Under Workmen's Compensation Law (Consol. Laws, c. 67) § 16, subd. 4, providing that, if the amount payable to the surviving wife and children of a deceased employé shall be less than two-thirds of his earnings, the parents shall be entitled to 15 per cent. of the wages for their support if they were dependent on him, but that in no case shall the aggregate amount payable under that subdivision exceed the difference between two-thirds of the person's earnings and the amount therein above provided to be paid to the surviving wife and children, the parents of a deceased employé are entitled to compensation for his death if dependent on him, notwithstanding the fact that he left no surviving wife or children.

2. MASTER AND SERVANT ⬤◯250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSATION TO PARENTS.

The parents can be dependent on a son, though he is a minor, so as to be entitled to compensation under the Workmen's Compensation Law.

Appeal from Workmen's Compensation Commission.

Claim by Guiseppe Friscia and another, before the State Workmen's Compensation Commission, for compensation for the death of an employé, against the Drake Bros. Company, employer, and another. From

an award of compensation by the Commission, the Drake Bros. Company appeals. Award confirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Merwyn H. Nellis, of Albany, for appellant.

Egburt E. Woodbury, Atty. Gen., E. C. Aiken, of Albany, and Jeremiah F. Connor, of New York City, for respondent.

SMITH, P. J. [1] Two questions are raised by this appeal. The deceased was a young man 18 years of age, boarding with his parents, to whom he gave $10 a week. He was unmarried. It is first contended that under section 16 of the Compensation Law the parents are not entitled to compensation, because the deceased left no surviving wife or child. The section assumes to describe who are entitled to death benefits. The first subdivision refers to funeral expenses. The second subdivision provides that if there be a surviving wife she shall receive 30 per centum of the average wages of the deceased during wifehood, and surviving children shall receive in some cases each 10 per cent. of such wages, and in other cases 15 per cent., providing in all cases that the total amount payable shall in no case exceed 66⅔ per cent. of such wages. Paragraph 3 provides for a surviving child or for surviving children, where there is no surviving wife; and in that case it is also provided the aggregate shall in no case exceed 66⅔ per cent. of the wages. Subdivision 4, upon which arises the question here litigated, reads:

"If the amount payable to surviving wife (or dependent husband) and to children under the age of eighteen years shall be less in the aggregate than sixty-six and two-thirds per centum of the average wages of the deceased, then for the support of grandchildren or brothers and sisters under the age of eighteen years, if dependent upon the deceased at the time of the accident, fifteen per centum of such wages for the support of each such person until of the age of eighteen years; and for the support of each parent, or grandparent, of the deceased, if dependent upon him at the time of the accident, fifteen per centum of such wages during such dependency. But in no case shall the aggregate amount payable under this subdivision exceed the difference between sixty-six and two-thirds per centum of such wages, and the amount payable as hereinbefore provided to surviving wife (or dependent husband) or for the support of surviving child or children."

The appellant's contention under this section is that no provision is made for a dependent parent, unless the deceased left a surviving wife or children. The contention appears to us frivolous. The evident intent of the statute is to limit all of the compensation to 66⅔ per cent. of the wages of the deceased, and to give compensation to the surviving wife, children, grandparents, or parents, who are dependent only if such compensation can be brought within the maximum percentage allowed. Each parent or grandparent is allowed 15 per cent. of such wages during his dependency, if the allowance to the widow and children does not equal 66⅔ per cent. of the wages. This condition exists where there is no widow or children, and the Commission was justified in awarding compensation to the parents, even though the deceased was unmarried at the time of his death.

[2] It is further claimed that there can be no dependence within the meaning of the statute upon the wages of a minor. This contention is neither borne out by reason nor authority. The parent can be dependent upon the support of a minor child just as much as upon the support of an adult child. See Main Colliery Co. v. Davies, 16 T. L. R. 460; Hudson v. Owners of the West Stanley Colliery, 26 T. L. R. 633, also reported in 3 Butterworth's Compensation Cases, 260.

Award confirmed, with costs.

Award affirmed. All concur.